Case 2:05-cr-00458-MHH-SGC   Document 66   Filed 06/25/12   Page 1 of 3

FILED
2012 Jun-25 PM 03:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

Case: 11-15632    Date Filed: 06/25/2012    Page: 1 of 1



FILED
2012 JUN 25 P 3:46
U.S. DISTRICT
N.D. OF AL

## UNITED STATES COURT OF APPEALS
### For the Eleventh Circuit

---

No. 11-15632

---

District Court Docket No.
2:05-cr-00458-IPJ-PWG-1

> FILED
> U.S. COURT OF APPEALS
> ELEVENTH CIRCUIT
> MAY 24, 2012
> JOHN LEY
> CLERK

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

versus

MICHAEL DEANGELO GRIFFIN,

        Defendant - Appellant.

---

Appeal from the United States District Court for the
Northern District of Alabama

---

### JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: May 24, 2012
For the Court: John Ley, Clerk of Court
By: Jeff R. Patch

Issued as Mandate:
June 25, 2012

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 11-15632
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:05-cr-00458-IPJ-PWG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DEANGELO GRIFFIN,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Alabama

(May 24, 2012)

Before MARCUS, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Michael Griffin, proceeding pro se, appeals the denial of his motion for a

sentence reduction under 18 U.S.C. § 3582(c)(2). On June 15, 2006, Griffin was sentenced to sixty-three months imprisonment for one count of possession of cocaine base with intent to distribute. On March 6, 2009, that sentence was reduced to the statutory mandatory minimum of sixty months imprisonment. On August 22, 2011, Griffin filed a motion under 18 U.S.C. § 3582(c)(2), seeking a further reduction in his sentence. On November 10, 2011, the district court denied that motion.

On appeal, Griffin argues that a reduction in his sentence is warranted in light of the factors set forth in 18 U.S.C. § 3553(a). Our precedent, however, makes it clear that a defendant cannot obtain a sentence reduction under Section 3582(c)(2) if his sentence is already at the statutory mandatory minimum. See United States v. Mills, 613 F.3d 1070, 1077–78 (11th Cir. 2010). Griffin also asserts that the district court should have granted his Section 3582(c)(2) motion by affording him safety-valve relief under 18 U.S.C. § 3553(f). Our precedent also forecloses this suggestion. See United States v. Jackson, 613 F.3d 1305, 1308 (11th Cir. 2010) (holding that "the safety-valve is inapplicable to sentence-modification proceedings" under Section 3582(c)(2)).

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**